IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL K. ASHLEY, | ) | CASE NO. 1:08 CV 2556 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| RICK GANSHEIMER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

**Introduction**

Before me by referral[1] is the petition of Michael K. Ashley for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Ashley was incarcerated at the Lake Erie Correctional Institution at the time of the filing of the petition.[3] He served a five-year prison term for possession of cocaine, such sentence imposed after his 2004 conviction following a guilty plea at Lake County, Ohio, Common Pleas Court.[4]

Ashley asserts one ground for relief, contending that "the state courts' application of the remedy articulated by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, to Petitioner's case contravenes the Ex Post Facto and Due Process clauses

---

[1] Non-document entry dated 10/29/2008.

[2] ECF # 1.

[3] *Id*. at 1.

[4] *Id*. at 1.

of the federal constitution."[5] In response, the State maintains that Ashley's sentencing in accordance with the *Foster* remedy violates neither the ex post facto clause nor the due process clause of the federal constitution.[6]

For the reasons that follow, I will recommend that Ashley's petition be denied, as have all similar petitions that have been considered by federal habeas courts in Ohio.

## Facts

**A.     Underlying facts and state trial**

The underlying facts as found by the Ohio appellate court[7] are not disputed. In September, 2002, Ashley and two companions were arrested by the Willoughby Hills Police, while transporting a large amount of cocaine from Ohio to the state of New York for resale.[8] Ashley was indicted by the Lake County Grand Jury on one count of possession of 1,248.13 grams of cocaine and one count of trafficking in 1,248.13 grams of cocaine.[9] After initially pleading not guilty, Ashley entered a guilty plea to one count of possession of

---

[5] *Id.* at 5.

[6] ECF # 6 at 8-14.

[7] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court. *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[8] ECF # 6, Attachment 1 (State Court Record) at 126.

[9] *Id.* at 5-6.

cocaine,[10] the trafficking charge was dismissed, and the trial court sentenced Ashley to five years in prison and a $10,000.00 mandatory fine.[11]

**B.     Direct appeal**

Ashley, through new counsel,[12] timely appealed his sentence to the Ohio Eleventh District Court of Appeals,[13] raising two assignments of error:

1.  The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury.[14]

2.  The defendant's due process rights as guaranteed by the fourteenth amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution were violated by ineffective assistance of counsel.[15]

The State responded in opposition,[16] and the Ohio Eleventh District Court of Appeals granted relief in relation to the first assignment of error, ordering that Ashley's case be remanded for

---

[10] *Id.* at 7-10.

[11] *Id.* at 12.

[12] Ashley was represented at his original sentencing by Loren D. Lobban, *see*, *id.* at 10, and on first direct appeal to the Ohio Eleventh District Court of Appeals by Vanessa R. Clapp, *see*, *id.* at 15.

[13] *Id.* at 14.

[14] *Id.* at 18.

[15] *Id.* at 24.

[16] *Id.* at 28.

re-sentencing consistent with the Ohio Supreme Court's decision in *State v. Foster*.[17] This decision rendered the second assignment of error moot.[18]

At the re-sentencing hearing, the court again sentenced Ashley to the same five-year term in prison.[19] However, upon finding that Ashley was indigent and unable to pay the mandatory fine, the court did not impose the $10,000.00 fine.[20]

Ashley again appealed his sentence to the Ohio Eleventh District Court of Appeals,[21] this time raising the following assignments of error:

1. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.[22]

2. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term in violation of defendant-appellant's right to due process.[23]

3. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term based on the Ohio Supreme Court's severance of the offending provisions under *Foster*, which was an act in violation of the principle of separation of powers.[24]

---

[17] *Id*. at 42.

[18] *Id*. at 45.

[19] *Id*. at 49.

[20] *Id*.

[21] *Id*. at 51.

[22] *Id*. at 54.

[23] *Id*. at 55.

[24] *Id*.

4. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term contrary to the rule of lenity.[25]

5. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term contrary to the intent of the Ohio legislators.[26]

6. The trial court violated defendant-appellant's rights to equal protection and due process of law under the fifth and fourteenth amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).[27]

7. The trial court erred in denying the defendant-appellant credit for time served in jail awaiting the conclusion of his case in violation of R.C. 2967.191.[28]

The State responded in opposition,[29] and the Ohio Eleventh District Court of Appeals affirmed Ashley's new sentence.[30] Ashley thereupon filed a motion for reconsideration under Appellate Rule 26(A).[31] However, the appeals court dismissed this motion as untimely, without reaching the merits.[32]

---

[25] *Id*. at 56.

[26] *Id*.

[27] *Id*. at 57.

[28] *Id*.

[29] *Id*. at 80.

[30] *Id*. at 126.

[31] *Id*. at 138.

[32] *Id*. at 142.

Ashley then appealed the second re-imposed sentence to the Ohio Supreme Court,[33] asserting that the *Foster* remedy, the remedy in accordance with which he had been resentenced, was unconstitutional. He cited the following propositions of law:

1. The remedy that this court set forth in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, violates the Ex Post Facto and Due Process Clauses of the United States Constitution.[34]

2. The *Foster* remedy violates the constitutional protection of the separation of powers.[35]

The state responded in opposition,[36] and the Ohio Supreme Court denied leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[37]

Ashley filed a *pro se* motion for relief from judgment.[38] The State filed a response,[39] and the Ohio Eleventh District Court of Appeals denied the motion.[40]

---

[33] *Id*. at 145.

[34] *Id*. at. 146.

[35] *Id*.

[36] *Id*. at 169.

[37] *Id*. at 181.

[38] *Id*. at 182.

[39] *Id*. at 204.

[40] *Id*. at 211.

**C. Federal habeas petition**

On October 28, 2008, Ashley filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254[41] asserting one ground for relief:

> Ground One: The State courts' application of the remedy articulated by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, to Petitioner's case contravenes the Ex Post Facto and Due Process clauses of the federal constitution.[42]
>
> Supporting Facts: The conduct giving rise to Mr. Ashley's convictions occurred in 2002, which was four years before the Ohio Supreme Court issued its decision in *Foster*. At the time the offense in this case occurred, there was a presumption in favor of the minimum authorized prison term. Following application of the *Foster* remedy, Mr. Ashley was sentenced to nonminimum five-year prison term.[43]

The State filed a return of the writ,[44] arguing that, because the application of the *Foster* remedy does not substantively alter the statutory range of punishment for Ashley's crime, the remedy does not make "more burdensome the punishment for a crime after its commission"[45] and thus does not violate the ex post facto or due process clauses of the federal constitution.[46] Furthermore, the *Foster* remedy "is modeled after and thus consistent

---

[41] ECF # 1.

[42] *Id*. at 5.

[43] *Id*.

[44] ECF # 6.

[45] *Id*. at 10.

[46] *Id*. at 8-14.

with [the Supreme Court's decision] in *United States v. Booker*,"[47] and "ex post facto challenges to the retroactive application of *Booker* have been overwhelmingly rejected by the federal courts."[48] Accordingly, the State asserts that Ashley cannot establish that his sentencing in accordance with the *Foster* remedy was contrary to, or involved an unreasonable application of, clearly established federal law, and, thus, his petition for a writ of habeas corpus should be denied.[49]

Ashley responded with a traverse,[50] in which he argues that under the statutory sentencing scheme in effect at the time he committed the crime, "there was a presumption that [he] would be given the minimum sentence,"[51] and he could only be given a greater-than-the-minimum sentence if "a judge made the findings required by statute."[52] However, under the application of the *Foster* remedy, the court was allowed to sentence him to a non-minimum term without additional findings as required by the original statute.[53] Because the *Foster* remedy was applied retroactively and disadvantaged Ashley by making

---

[47] *Id.* at 10.

[48] *Id.* at 11.

[49] *Id.* at 14.

[50] ECF # 8.

[51] *Id.* at 8.

[52] *Id.*

[53] *Id.*

"more burdensome the punishment for a crime after its commission,"[54] it violates the ex post facto and due process clauses of the federal constitution.[55]

Furthermore, Ashley asserts that the *Foster* remedy is not constitutionally analogous to the U.S. Supreme Court's resolution in *United States v. Booker* as asserted by the State.[56] According to Ashley, "In *Booker*, only a limited portion of the federal sentencing statute was severed, and the significant parts of the statute designed to effect Congressional intent were maintained."[57] However, "the severance employed in *Foster* cut a large portion of Ohio's sentencing statutes"[58] and in doing so significantly undermined the state legislature's intent in enacting the sentencing statutes.[59] Thus, the U.S. Supreme Court's decision in *United States v. Booker* does not serve as an accurate basis upon which to affirm the constitutionality of the retroactive application of the *Foster* remedy.

## Analysis

**A.     Preliminary issues**

As a preliminary matter, I observe that the parties do not dispute, and my own review establishes that: (1) Ashley was in state custody in Ohio pursuant to his conviction and

---

[54] ECF # 6 at 10.

[55] ECF # 8 at 6.

[56] *Id*. at 10.

[57] *Id*.

[58] *Id*. at 11.

[59] *Id*.

sentence in that state at the time he filed the present petition for federal habeas relief, thus establishing jurisdiction in this court over that petition;[60] (2) the present petition was filed within one year of the conclusion of his state review, as required by 28 U.S.C. § 2244(d)(1); and (3) the ground for relief presented here has been totally exhausted in the Ohio courts.[61] Thus, I recommend finding that these predicates to habeas review have been met.

Moreover, I note that Ashley has not asked for an evidentiary hearing.[62] Since the factual record is not contested in any material respect, I recommend finding that no evidentiary hearing is warranted here.[63]

**B.    Standard of review**

*1.    Contrary to, or unreasonable application of, clearly established federal law*

Under 28 U.S.C. § 2254(d)(1), when the federal habeas claim was adjudicated on the merits by the state court, the writ may not issue from the federal court unless the state decision at issue was either "contrary to," or involved an "unreasonable application of," clearly established federal law.

As is now well-established, the terms "contrary to" and "unreasonable application of" are not identical.  The words "contrary to" are to be understood as meaning "diametrically

---

[60] 28 U.S.C. § 2254(a); *Garlotte v. Fordice*, 515 U.S. 39, 43-44 (1995).

[61] 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

[62] *See*, 28 U.S.C. § 2254(e)(2).

[63] *See*, *Reynolds v. Bagley*, 498 F.3d 549, 552 (6th Cir. 2007).

different, opposite in character or nature, or mutually opposed."[64]  Under the "unreasonable application" language, a federal habeas court may grant relief only if the state court correctly identifies the governing legal principle applicable to the petitioner's claim but then unreasonably applies that principle to the facts of the petitioner's case.[65]  The proper inquiry under this clause on habeas review is whether the state court decision was "objectively unreasonable," not simply erroneous or incorrect.[66]  In addition, when analyzing the state court adjudication under either of these tests, the federal habeas court must locate clearly established federal law in the holdings of the United States Supreme Court.[67]

## 2.    *Less than minimum sentences/due process and ex post facto*

The United States Constitution specifically prohibits the states from enacting ex post facto legislation.[68]  Similarly, the Supreme Court in *Bouie v. City of Columbia* held that due process prohibits the retroactive application of any judicial decision construing a criminal statute when such application "is unexpected and indefensible by reference to the law which has been expressed prior to the conduct at issue[.]"[69]  While the language in *Bouie* reflects ex post facto concepts, the Court in the later case of *Rogers v. Tennessee* explained that

---

[64] *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

[65] *Id*. at 407-08.

[66] *Id*. at 409-11.

[67] *Id.* at 412.

[68] United States Constitution, Art. I, § 10, Clause 1.

[69] *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964).

*Bouie*, in fact, "rested on core due process concepts of notice, foreseeability, and in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct."[70]

In *United States v. Barton*,[71] the Sixth Circuit construed the Supreme Court's holdings in *Bouie* and *Rogers* to mean that "when addressing ex post facto – due process concerns [in sentencing cases], questions of notice, foreseeability, and fair warning are paramount."[72] Ohio's pre-*Foster* sentencing scheme was based on presumptive minimum sentences that could then be increased within a statutory range upon the finding of certain facts by the trial judge.[73] Accordingly, the question as to whether a retroactive application of *Foster* to Ohio sentences results in a violation of rights pronounced in *Bouie* and *Rogers* is, essentially, a question as to whether, post-*Foster*, it was foreseeable that a person convicted in Ohio would be liable for non-minimum sentences.

Every federal district court in Ohio to have adjudicated an ex post facto – due process challenge to a post-Foster sentence has rejected the argument that *Bouie* and *Rogers* are

---

[70]*Rogers v. Tennessee*, 532 U.S. 451, 459 (2001).

[71]*United States v. Barton*, 455 F.3d 649 (6th Cir. 2006).

[72]*Id*. at 655 (citing *Rogers*, 532 U.S. at 459).

[73]*Sanchez v. Konteh*, No. 3:07-cv-2166, 2009 WL 539710, at *8 (N.D. Ohio March 4, 2009) (Gaughan, J).

violated by such a sentence.[74] Indeed, as was specifically found by the Court in *Watkins v. Williams*, "a defendant [in Ohio] was aware of the maximum penalty he faced prior to committing his crime. *Foster* did not alter this maximum, it merely abrogated judicial fact finding."[75]

Thus, although the Sixth Circuit has not yet directly ruled on this claim,[76] the clear, uniform conclusion of every federal habeas court in Ohio to have considered the issue is that

---

[74]*See*, *e.g.*, *Thompson v. Williams*, — F. Supp. 2d —, 2010 WL 481262 (N.D. Ohio Feb. 5, 2010) (Gaughan, J.); *Roper v. Beightler*, Case No. 5:09-cv-267, 2010 WL 424964 (N.D. Ohio Jan. 27, 2010) (Boyko, J.); *Smith v. Timmerman-Cooper*, Case No. 1:08-cv-380, 2009 WL 3172867 (N.D. Ohio Sep. 25, 2009) (Polster, J.); *Allen v. Hudson*, Case No. 1:08-cv-1825, 2009 WL 1649312 (N.D. Ohio June 10, 2009) (Lioi, J.); *Kelley v. Brunsman*, 625 F. Supp. 2d 586 (S.D. Ohio 2009) (Spiegel, J.); *Woody v. Welch*, Case No. 3:08-cv-2534, 2009 WL 1440828 (N.D. Ohio May 20, 2009) (Oliver, J.); *Newman v. Wilson*, Case No. 5:08-cv-483, 2009 WL 1212262 (N.D. Ohio April 30, 2009) (Oliver, J.); *Shie v. Voorhies*, Case No. 1:08-cv-194, 2009 WL 1212473 (N.D. Ohio April 30, 2009) (Polster, J.); *Turner v. Warden*, Case No. 1:08-cv-309, 2009 WL 866841 (S.D. Ohio March 31, 2009) (Spiegel, J.); *Sanchez*, 2009 WL 539710 (Gaughan, J.); *Smith v. Brunsman*, 626 F. Supp.2d 786 (S.D. Ohio 2009) (Barrett, J.); *Keith v. Voorhies,* Case No. 1:06-cv-2360, 2009 WL 185765 (N.D. Ohio Jan. 23, 2009) (Lioi, J.); *Rampey v. Wilson*, Case No. 5:07-cv-152, 2009 WL 161344 (N.D. Ohio Jan. 22, 2009) (Lioi, J.); *Smith v. Wilson*, Case No. 1:08-cv-845, 2008 WL 4758696 (N.D. Ohio Oct. 29, 2008) (Oliver, J.); *Pitts v. Warden*, Case No. 3:08-cv-497, 2008 WL 4758697 (N.D. Ohio Oct. 29, 2008) (Oliver, J.); *Wentling v. Moore*, Case No. 3:07-cv-3089, 2008 WL 2778510 (N.D. Ohio July 14, 2008) (Boyko, J.); *Watkins v. Williams*, Case No. 3:07-cv-1296, 2008 WL 2484188 (N.D. Ohio June 17, 2008) (Adams, J.); *Lyles v. Jeffreys*, Case No. 3:07-cv-1315, 2008 WL 1886077 (N.D. Ohio April 24, 2008) (Oliver, J.); *Hooks v. Sheets*, Case No. 1:07-cv-520, 2008 WL 4533693 (S.D. Ohio Oct. 3, 2008) (Beckwith, C.J.); *Retting v. Jefferys*, 557 F. Supp. 2d 830 (N.D. Ohio 2008) (Polster, J.); *McGhee v. Konteh*, Case No. 1:07-cv-1408, 2008 WL 320763 (N.D. Ohio Feb. 1, 2008) (Nugent, J.).

[75]*Watkins*, 2008 WL 2484188, at *3.

[76]The Sixth Circuit is presently considering an appeal in *Hooks*, 2008 WL 4533693, which is one of the cases to reject a due process challenge to retroactive application of *Foster*. *See*, *Hooks v. Sheets*, 2008 WL 4533693.

because an Ohio criminal defendant was aware prior to *Foster* that his potential penalty could be increased above a minimum, such a defendant cannot claim after *Foster* that he could not foresee that he would be liable for a non-minimum sentence. Thus, retroactive application of *Foster* to sentencing produces no violation of due process.

**C.     Ashley's claim for relief should be denied.**

As was previously discussed, the claim now before the Court has been considered and rejected in numerous federal habeas cases in Ohio, many of which presented detailed, well-reasoned opinions in support of their decisions that I incorporate by reference. In this case, the state appeals court, employing the correct legal standards from federal cases as incorporated into prior decisions of the Ohio courts, found that Ashley's claims were without merit and denied them. Since I recommend finding that the Ohio appellate decision was neither contrary to nor an unreasonable application of the clearly established federal law described in detail above, I ultimately recommend that Ashley's petition for habeas relief be denied.

## Conclusion

For the foregoing reasons, I recommend that the petition of Michael K. Ashley for a writ of habeas corpus be denied.

Dated:   February 26, 2010                                s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge

-14-

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[77]

---

[77]*See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).