UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL K. ASHLEY,** | : | Case No.  1:08-CV-2556 |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| **RICK GANSHEIMER,** | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

On October 28, 2008, Michael K. Ashley filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  On October 29, 2008, the Court referred this matter to Magistrate Judge William H. Baughman, Jr. ("Judge Baughman"), ultimately for preparation of a Report and Recommendation ("R&R") regarding Ashley's petition.  On January 20, 2009, Respondent filed an Answer/Return of Writ.  (Docs. 5, 6.)  On February 19, 2009, Ashley filed a Reply/Traverse.  (Doc. 8.)  On February 26, 2010, Judge Baughman issued his R&R recommending that this Court deny Ashley's petition and dismiss this case.  (Doc. 11.)  On March 12, 2010, Ashley filed an objection to that R&R.  (Doc. 13.)

The Court agrees with Judge Baughman's conclusions and **ADOPTS** his R&R. Accordingly, Ashley's petition must be **DENIED** and his case **DISMISSED**.

**I.     BACKGROUND**

The R&R accurately sets forth the factual and procedural background of this case, and the Court adopts the R&R's articulation of that background.  (R&R at 2-9.)  For clarity, however, it is helpful to restate the facts and procedural history here:

> The underlying facts as found by the Ohio appellate court are not disputed.  In September, 2002, Ashley and two companions were arrested by the Willoughby Hills

Police, while transporting a large amount of cocaine from Ohio to the state of New York for resale. Ashley was indicted by the Lake County Grand Jury on one count of possession of 1,248.13 grams of cocaine and one count of trafficking in 1,248.13 grams of cocaine. After initially pleading not guilty, Ashley entered a guilty plea to one count of possession of cocaine, the trafficking charge was dismissed, and the trial court sentenced Ashley to five years in prison and a $10,000.00 mandatory fine. . . .

Ashley, through new counsel, timely appealed his sentence to the Ohio Eleventh District Court of Appeals, raising two assignments of error:

> 1. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury.
>
> 2. The defendant's due process rights as guaranteed by the fourteenth amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution were violated by ineffective assistance of counsel.

The State responded in opposition, and the Ohio Eleventh District Court of Appeals granted relief in relation to the first assignment of error, ordering that Ashley's case be remanded for re-sentencing consistent with the Ohio Supreme Court's decision in *State v. Foster*. This decision rendered the second assignment of error moot.

At the re-sentencing hearing, the court again sentenced Ashley to the same five-year term in prison. However, upon finding that Ashley was indigent and unable to pay the mandatory fine, the court did not impose the $10,000.00 fine.

Ashley again appealed his sentence to the Ohio Eleventh District Court of Appeals, this time raising [seven] assignments of error [of which two are relevant]:

> 1. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
>
> 2. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term in violation of defendant appellant's right to due process. . . .

The State responded in opposition, and the Ohio Eleventh District Court of Appeals affirmed Ashley's new sentence. . . .

Ashley then appealed the second re-imposed sentence to the Ohio Supreme Court, asserting that the *Foster* remedy, the remedy in accordance with which he had been resentenced, was unconstitutional. He cited [two] propositions of law [of which one is relevant to his current petition]:

2

> 1. The remedy that this court set forth in *State v. Foster*, 109 Ohio St.3d, 2006-Ohio-856, violates the Ex Post Facto and Due Process Clauses of the United States Constitution. . . .

The state responded in opposition, and the Ohio Supreme Court denied leave to appeal, dismissing the appeal as not involving any substantial constitutional question. . . .

On October 28, 2008, Ashley filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 asserting one ground for relief:

> Ground One: The State courts' application of the remedy articulated by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, to Petitioner's case contravenes the Ex Post Facto and Due Process clauses of the federal constitution.
>
> Supporting Facts: The conduct giving rise to Mr. Ashley's convictions occurred in 2002, which was four years before the Ohio Supreme Court issued its decision in *Foster*. At the time the offense in this case occurred, there was a presumption in favor of the minimum authorized prison term. Following application of the *Foster* remedy, Mr. Ashley was sentenced to [a] non-minimum five-year prison term.

The State filed a return of the writ, arguing that, because the application of the *Foster* remedy does not substantively alter the statutory range of punishment for Ashley's crime, the remedy does not make "more burdensome the punishment for a crime after its commission" and thus does not violate the ex post facto or due process clauses of the federal constitution. Furthermore, the *Foster* remedy "is modeled after and thus consistent with [the Supreme Court's decision] in *United States v. Booker*,"47 and "ex post facto challenges to the retroactive application of *Booker* have been overwhelmingly rejected by the federal courts." Accordingly, the State asserts that Ashley cannot establish that his sentencing in accordance with the *Foster* remedy was contrary to, or involved an unreasonable application of, clearly established federal law, and, thus, his petition for a writ of habeas corpus should be denied.

Ashley responded with a traverse, in which he argues that under the statutory sentencing scheme in effect at the time he committed the crime, "there was a presumption that [he] would be given the minimum sentence," and he could only be given a greater-than-the-minimum sentence if "a judge made the findings required by statute." However, under the application of the *Foster* remedy, the court was allowed to sentence him to a non-minimum term without additional findings as required by the original statute. Because the *Foster* remedy was applied retroactively and disadvantaged Ashley by making "more burdensome the punishment for a crime after its commission," it violates the ex post facto and due process clauses of the federal constitution.

3

> Furthermore, Ashley asserts that the *Foster* remedy is not constitutionally analogous to the U.S. Supreme Court's resolution in *United States v. Booker* as asserted by the State. According to Ashley, "In *Booker*, only a limited portion of the federal sentencing statute was severed, and the significant parts of the statute designed to effect Congressional intent were maintained." However, "the severance employed in *Foster* cut a large portion of Ohio's sentencing statutes" and in doing so significantly undermined the state legislature's intent in enacting the sentencing statutes. Thus, the U.S. Supreme Court's decision in *United States v. Booker* does not serve as an accurate basis upon which to affirm the constitutionality of the retroactive application of the *Foster* remedy.

(R&R at 2-9.)

## II. LAW AND STANDARD OF REVIEW

Because Ashley filed his habeas petition on October 28, 2008, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review of that petition. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see also Woodford v. Garceau*, 538 U.S. 202, 210 (2003). AEDPA provides that, when a federal habeas claim has been adjudicated by the state courts, a writ shall not issue unless the state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

## III. DISCUSSION

The R&R explains, correctly, that many district courts within Ohio have considered the very same legal question presented by the petitioner in this case, and that all of these courts have concluded that *Foster* is constitutional:

> although the Sixth Circuit has not yet directly ruled on this claim, the clear, uniform conclusion of every federal habeas court in Ohio to have considered the issue is that because an Ohio criminal defendant was aware prior to *Foster* that his potential penalty could be increased above a minimum, such a defendant cannot claim after *Foster* that he could not foresee that he would be liable for a non-minimum sentence.

4

Thus, retroactive application of *Foster* to sentencing produces no violation of due process.

(R&R at 13-14.)[1] Judge Baughman, accordingly, recommended that this Court follow the uniform and substantial weight of persuasive authority. (*Id*. at 14.)

In his objections to the R&R, Ashley does not object to Judge Baughman's factual recitation, framing of the legal question in his petition, or description of relevant precedent. (Doc. 13.) Ashley, rather, argues that all of the previous district courts to consider this issue are simply incorrect. (*Id*.) In particular, Ashley argues that his case is indistinguishable from *Miller v. Florida*, 482 U.S. 423 (1987).

### A. *Miller v. Florida*

In *Miller*, the Supreme Court considered legislative changes to Florida's sentencing guidelines that retroactively altered the range to which that petitioner presumptively would be sentenced:

> At the time petitioner committed the crime for which he was convicted, Florida's sentencing guidelines would have resulted in a presumptive sentence of 3 1/2 to 4 1/2 years' imprisonment. At the time petitioner was sentenced, the revised guidelines called for a presumptive sentence of 5 1/2 to 7 years in prison. The trial court applied the guidelines in effect at the time of sentencing and imposed a 7-year sentence.

*Miller*, 482 U.S. at 424-25. The State of Florida argued that their new sentencing guidelines did not violate the ex post facto clause because a defendant could have been given a 7-year sentence under Florida's original guidelines. Under the original guidelines, however:

> [in order to] impose a 7-year sentence . . . the sentencing judge would have to depart from the presumptive sentence range of 3 1/2 to 4 1/2 years. As a result, the sentencing judge would have to provide clear and convincing reasons in writing for

---

[1] Judge Baughman explained, as well, that some cases forbidding retroactive application of certain judicial decisions construing criminal statutes discuss ex post facto concepts, those cases are grounded in due process concerns. (R&R at 11-12) (citing *Rogers v. Tennessee*, 532 U.S. 451, 459 (2001)); *see also Hooks v. Sheets*, Case No. 08-4549, 2010 U.S. App. LEXIS 8646, at *8-9 (6th Cir. April 27, 2010). In his objections to the R&R, Ashley implicitly acknowledges this. (Doc. 13 at 4.)

5

>the departure, on facts proved beyond a reasonable doubt, and his determination would be reviewable on appeal.

*Id*. at 433. Yet, none of those protections were available to the petitioner in *Miller*:

>because a 7-year sentence is within the presumptive range under the revised law, the trial judge did not have to provide any reasons, convincing or otherwise, for imposing the sentence, and his decision was unreviewable.

*Id*. A unanimous Supreme Court found that, by applying these new guidelines retroactively, Florida had violated the ex post facto clause:

>even if the revised guidelines law did not technically . . . increase . . . the punishment annexed to [petitioner's] crime, it foreclosed his ability to challenge the imposition of a sentence longer than his presumptive sentence under the old law.

*See id*.

### B. Ohio's Sentencing Scheme is Distinguishable

Despite repeated invitations, no district court within Ohio has been willing to apply *Miller* to invalidate Ohio's current sentencing scheme. These courts have reasoned that *Miller* is distinguishable because the statutory range of sentences in Ohio have not been changed. *See, e.g.*, *Newsome v. Brunsman*, Case No. 08cv1938, 2010 U.S. Dist. LEXIS 4432, at *7 (N.D. Ohio Jan. 20, 2010) ("*Foster* did not enlarge the penalty, but instead conformed Ohio's sentencing practices with *Blakely v. Washington* . . . . A statutory minimum sentence is just that – the *minimum* possible sentence for a crime, not *the* sentence for a crime." (emphasis in original); *Rhoads v. Welch*, Case No. 3:09-CV-814, 2009 U.S. Dist. LEXIS 101468, at *10 (N.D. Ohio Oct. 27, 2009) ("[Unlike in Miller], in the present case, the statutory range of sentences was unchanged."). The Sixth Circuit, too, very recently has affirmed the reasoning employed by these courts. *See Hooks v. v. Sheets*, Case No. 08-4549, 2010 U.S. App. LEXIS 8646, at *11 (6th Cir. April 27, 2010) (designated for publication) ("Since [petitioner] was always subject to [this term of imprisonment] in the discretion

6

of the trial court, his re-sentencing under *Foster* did not raise ex post facto or due process concerns.").[2]

The problem for Ashley is that the due process concerns implicated when a state court remedies a Sixth Amendment violation are not the same as the ex post facto concerns implicated when a state legislature alters its sentencing guidelines. *See Kravochuck v. Shewalter*, Case No. 1:09cv199, 2009 U.S. Dist. LEXIS 92360 (N.D. Ohio Sept. 16, 2009) (citing *Cunningham v. California*, 549 U.S. 270 (2007)); *Torres v. Beightler*, Case No. 09-CV-191, 2009 U.S. Dist. LEXIS 76951, at *25 (N.D. Ohio July 30, 2009) ("[T]he revised sentencing guidelines at issue in *Miller* were the result of a legislative act, not a judicial order. *Miller* was decided on the ex post facto clause's more expansive protections against retroactivity, rather than the more limited due process protections that are employed when analyzing a judicial act."); *Smith v. Welch*, Case No. 08cv2917, 2009 U.S. Dist. LEXIS 61077, at *6 (N.D. Ohio July 17, 2009) ("The Supreme Court has never held, however, that the retroactive application of a court's statutory construction which results in the loss of a presumption of a minimum sentence is violative of either the Ex Post Facto Clause or due process.").[3]

Although the precise contours of the distinction between the due process clause and the ex post facto clause is not well-defined, the Supreme Court has made clear that, at least when curing a Sixth Amendment violation, "a court can retroactively permit judges to exercise broad judicial discretion," even when that discretion has the effect of retroactively raising a defendant's probable

---

[2] *Hooks* was decided on fairly narrow grounds, and it was not necessary for the Sixth Circuit to discuss the factual background of that case in great depth. *See generally Hooks*, 2010 U.S. App. LEXIS 8646; *see also id*. at *11 ("We need not reach the broader question of whether re-sentencing under *Foster* ever violates the Due Process or Ex Post Facto Clauses."). Out of an abundance of caution, accordingly, the Court has reviewed the district court's opinion in that case. *See generally Hooks v. Sheets*, Case No. 07cv520, 2008 U.S. Dist. LEXIS 77612 (S.D. Ohio Oct. 3, 2008). This case does not appear meaningfully distinguishable from that one.

[3] The Sixth Circuit declined to discuss *Miller* when it decided *Hooks*, further emphasizing the degree to which these cases are distinguishable. *See generally Hooks,* 2010 U.S. App. LEXIS 8646.

7

term of imprisonment. *Id*. (citing *Cunningham*, 549 U.S. at 294.) Thus, the Supreme Court has made clear that state courts may impose sentences upon defendants that were previously only available upon unconstitutional judicial fact-finding of aggravating factors without offending due process. *See id*.

### IV. CONCLUSION

For the foregoing reasons, this Court **ADOPTS** the R&R (Doc. 11) and **DENIES** Ashley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Accordingly, Michael K. Ashley's case is **DISMISSED**. The court certifies, pursuant to 28 USC 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 USC 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

                                                                s/Kathleen M. O'Malley
                                                                 KATHLEEN McDONALD O'MALLEY
                                                                 UNITED STATES DISTRICT JUDGE

Dated: May 12, 2010